# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-256V
### (Not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * * *
                                *

RENE DUMAS,                           *      Filed:  February 24, 2015

                                *

           Petitioner,              *

                                *      Decision by Stipulation; Damages;

          v.                       *      Tetanus-Diphtheria-Acellular

                                *      Pertussis ("Tdap") Vaccine;

SECRETARY OF HEALTH AND       *      Lymphangitis; Cellulitis

HUMAN SERVICES,                 *

                                *

          Respondent.           *

                                *

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Danielle Strait*, Maglio Christopher and Toale, PA, Washington, DC, for Petitioner.

*Claudia Gangi*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On April 1, 2014, Renè Dumas filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that receiving the Tetanus-Diphtheria-acellular Pertussis ("Tdap") immunization on November 26, 2012, caused her alleged lymphangitis and cellulitis.

Respondent denies that the Tdap vaccine caused Petitioner's alleged lymphangitis, cellulitis, any other injury, or her current disability. Nonetheless both parties, while maintaining

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10 – 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

their above-stated positions, agreed in a stipulation (filed February 24, 2015) that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $15,000.00 in the form of a check payable to Petitioner.

Stipulation ¶ 8. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

I approve a Vaccine Program award in the requested amounts set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RENE DUMAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.   ) | No. 14-256V |
| ) | Special Master Corcoran |
| SECRETARY OF HEALTH AND HUMAN   ) | ECF |
| SERVICES, ) | |
| ) | |
| Respondent.   ) | |

STIPULATION

The parties hereby stipulate to the following matters:

1. Rene Dumas, petitioner, filed a petition for vaccine compensation under the National

Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program").

The petition seeks compensation for injuries allegedly related to petitioner's receipt of the

Tetanus-Diphtheria-acellular Pertussis ("Tdap") vaccine, which is contained in the Vaccine

Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received her Tdap immunization on November 26, 2012.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the Tdap vaccine caused her alleged lymphangitis and cellulitis.

5. Petitioner represents that there has been no prior award or settlement of a civil action

for damages on her behalf as a result of her condition.

6. Respondent denies that the Tdap vaccine caused petitioner's alleged lymphangitis,

cellulitis, any other injury, or her current disabilities.

1

Lexmark phone number - GetHuman.com

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $15,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraphs 8 and 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

2

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payment described in paragraph 8 and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Tdap vaccination administered on November 26, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about April 1, 2014, in the United States Court of Federal Claims as petition No. 14-256V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

3

decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.   This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.   There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.   The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17.   This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that Tdap vaccine caused petitioner's alleged lymphangitis, cellulitis, any other injury, or her current disabilities.

18.   All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/

/

/

/

/

/

/

4

Respectfully submitted,

**PETITIONER:**

RENE DUMAS

| | |
|---|---|
| **ATTORNEY OF RECORD FOR PETITIONER:** | **AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:** |

DANIELLE A. STRAIT
MAGLIO CHIRSTOPHER & TOALE, PA
1775 Pennsylvania Avenue, NW
Suite 225
Washington, DC 20006
Tel: (941) 952-5242

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

**ATTORNEY OF RECORD FOR RESPONDENT:**

MELISSA A. HOUSTON, M.D., M.P.H.
Director, Division of Injury
Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Stop 11C-26
Rockville, MD 20857

CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4138

DATE: 2-24-15

5

Lexmark phone number - GetHuman.com